UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LONNIE TWO EAGLE, SR.,<br><br>    Plaintiff,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CIV. 20-5054-JLV<br><br>ORDER |

**INTRODUCTION**

  Plaintiff Lonnie Two Eagle, Sr., filed a three-count complaint against the government under the Federal Tort Claims Act. The government moved to dismiss the complaint for lack of subject matter jurisdiction. Mr. Two Eagle opposed the motion. Magistrate Judge Veronica L. Duffy issued a report recommending the court grant the government's motion. Mr. Two Eagle filed objections to the magistrate judge's recommendation and the government filed a response to plaintiff's objections. Mr. Two Eagle's objections are overruled, the report of the magistrate judge is adopted and the complaint is dismissed.

**ANALYSIS**

  Mr. Two Eagle filed a three-count claim against the government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2401(b), 2671-80 & 2672. (Docket 1). Mr. Two Eagle's claims under the FTCA are: (1) negligence—gross negligence; (2) negligent hiring, training, supervision, screening and retention; and (3) medical negligence. Id. ¶¶ 5-23. The complaint centers around an

August 5, 2019, collision between an automobile driven by Chad Sully and a lawnmower ridden by Mr. Two Eagle.  Id. ¶¶ 7-8.  Count I alleges Mr. Sully, as an employee of the Rosebud Indian Health Service Hospital while on duty at the time of the collision, negligently operated the motor vehicle during a seizure event.  Id. ¶¶ 8-11.  Count II alleges the hospital and its agents were negligent by failing to take reasonable steps to prevent Mr. Sully from driving for six months after his last seizure, were negligent for failing to adequately and reasonably hire, train, screen, supervise or layoff Mr. Sully and were negligent by allowing him to drive to and from work while subject to a seizure condition.  Id. ¶¶ 16-17.  Count III alleges Dr. Matthew Smith, as a federal medical officer, was medically negligent for clearing Mr. Sully to operate an automobile after July 23, 2018, when Mr. Sully was still being treated for a seizure condition.  Id. ¶¶ 19-22.

The government filed a motion and brief seeking to dismiss all three counts of the complaint under Fed. R. Civ. P. 12(b)(1) and 12(h)(3) for lack of subject matter jurisdiction.  (Dockets 17 & 23).  In support of the motion, the government filed four declarations and 12 exhibits.  (Dockets 19, 19-1 through 19-3, 20, 20-1 through 20-3, 21, 21-1 through 21-3 & 22).  Mr. Two Eagle filed a brief in resistance to the government's motion together with two declarations and 13 exhibits.  (Docket 28, 30, 30-1 through 30-3, 32 & 32-1 through 32-10).  In reply, the government filed a brief together with four declarations and three

2

exhibits in support of its motion.  (Dockets 39, 40, 41, 41-1 through 41-2, 43 & 43-1).

The matter was referred to United States Magistrate Judge Veronica L. Duffy by an order of referral.  (Docket 38) (referencing 28 U.S.C. § 636).  The magistrate judge issued a report and recommendation ("R&R").  (Docket 46). The magistrate judge recommended the court grant the government's motion to dismiss.  Id. at p. 36.  Mr. Two Eagle timely filed objections to the R&R together with a motion to supplement the record, a brief, a declaration and two exhibits. (Dockets 47, 47-1 through 47-3, 48 & 49).  The government filed a response in opposition to Mr. Two Eagle's objections.  (Docket 50).

**I.   Plaintiff's Objections**

Plaintiff raises four objections.  As summarized by the court, plaintiff argues the magistrate judge erred by:

1. Determining Count III is not recognized by South Dakota law.

2. Concluding the court can resolve the factual determinations in resolving subject matter jurisdiction.

3. Making factual findings which require jury determination.

4. Concluding Dr. Smith was an independent contractor.

(Docket 49).

Under the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), if a party files written objections to the magistrate judge's proposed findings and recommendations, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or

3

recommendations to which objection is made." Id. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Each of plaintiff's objections will be analyzed in the manner deemed most efficient to the court.

1. CONCLUDING THE COURT CAN RESOLVE THE FACTUAL DETERMINATIONS IN RESOLVING SUBJECT MATTER JURISDICTION

The magistrate judge concluded in resolving the Fed. R. Civ. P. 12(b)(1) motion that the government was making a factual attack, as opposed to facial attack, on subject-matter jurisdiction. (Docket 46 at p. 3). In this analysis, "the court can consider matters outside of the pleading, 'and the non-moving party does not have the benefit of 12(b)(6) safeguards.' " Id. (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). In resolving a factual attack, "no presumptive truthfulness attaches to the plaintiff's allegations," and the "court is free to weigh the evidence and satisfy itself as to the existence of [the court's] power to hear the case." Id. at p. 4 (citing Osborn, 918 F.2d at 730).

Mr. Two Eagle acknowledges the authority of the magistrate judge under Osborn to resolve factual issues pertaining to subject-matter jurisdiction. (Docket 49 at pp. 10-11). He asserts "[t]he only exception is . . . when the jurisdictional issue is 'so bound up with the merits that a full trial on the merits may be necessary to resolve the issue.[' "] Id. at p. 11 (referencing Osborn, 918 F.2d 730). Mr. Two Eagle argues his case comes within the exception because whether Mr. Sully was acting within the scope of his

4

employment while "a jurisdictional prerequisite," is "bound up with the merit" of plaintiff's case that "a full trial on the merit is necessary to resolve the issue." Id. at p. 12.

The magistrate judge has the authority to resolve the issues of fact which form the basis for a challenge to subject-matter jurisdiction. Osborn, 918 F.2d at 730. Plaintiff's objection is overruled.

2.  MAKING FACTUAL FINDINGS WHICH REQUIRE JURY DETERMINATION

In resolving a Fed. R. Civ. P. 12(b)(1) factual attack in a motion to dismiss for lack of subject-matter jurisdiction, the magistrate judge was entitled to consider material outside of the pleadings. (Docket 46 at p. 18 n.1) (citing Osborn, 918 F.2d at 729 n.6). Mr. Two Eagle does not object to this judicial authority but he argues the magistrate judge erred in three findings.

    A.    <u>Whether Mr. Sully was acting as an employee</u>

Mr. Two Eagle argues the magistrate judge's finding that Mr. Sully was not acting as an employee of the Rosebud Hospital at the time of the collision fails to consider Mr. Sully's own declaration. (Docket 49 at p. 8) (referencing Docket 30 ¶¶ 5, 7 & 8). By that declaration, Mr. Two Eagle claims Mr. Sully arrived at the hospital immediately prior to the accident and his only purpose for being there was for work. Id. at p. 9. Concluding Mr. Sully "was not within the scope of his employment at the time of the collision," according to Mr. Two Eagle is an error. Id.

5

The magistrate judge applied the going-and-coming rule of the South Dakota Supreme Court to determine whether Mr. Sully was acting as an employee of the hospital at the time of the collision. (Docket 46 at pp. 9-11). "The going-and-coming rule precludes an employer's liability, as a matter of law, when an employee is 'going to and coming from work[.]' " Id. at p. 10 (internal quotation marks omitted; citing Tammen v. Tronvold, 965 N.W.2d 161, 169 (S.D. 2021) (internal citation omitted).

The magistrate judge concluded the evidence supported a finding that "Mr. Sully's act of driving back to [work] after his lunch break was indistinguishable from that of an ordinary commuter." Id. at p. 12. Mr. Sully started his work shift at 6 a.m., took his lunch break about 1 p.m. and drove home. Id. at p. 17. The accident occurred around 1:40 p.m.[1] Whether he was within a 45-minute lunch break authorized by his employer or was late getting back to work, the accident occurred while Mr. Sully was returning to work. Id. at p. 18.

For purposes of this analysis, it matters not whether Mr. Sully's reason for being at the location of the accident was so he could return to his work as a cook at the hospital. He was not at work when the collision occurred. The time period and his conduct fit squarely within the framework of the going-and-coming rule articulated in Tammen.

---

[1]The magistrate judge found the accident occurred at 1:40 p.m. (Docket 46 at p. 2). Mr. Two Eagle asserts the accident happened at 1:41 p.m. (Docket 49 at p. 9). Any discrepancy existing because of this one-minute differential is insignificant to the analysis.

Whether Mr. Sully was "within the scope of his employment" at the time of the accident "is unrelated to whether [his] conduct was negligent," so the factual issue of subject-matter jurisdiction is a determination the court must make. Johnson v. United States, 534 F.3d 958, 963-64 (8th Cir. 2008).  Mr. Sully was not acting in his capacity as an employee of the hospital at the time of the accident.  Osborn, 918 F.2d at 730.  Mr. Two Eagle's objection is overruled.

B.   Whether Mr. Sully was on the clock

Mr. Two Eagle argues the fact the hospital did not use a time clock supports a finding that Mr. Sully was being paid for the time during which the accident occurred.  (Docket 49 at p. 9).  Under Mr. Two Eagle's theory, Mr. Sully was only entitled to a 30-minute lunch break so by leaving work at 1 p.m. he was back on the clock at 1:30.  Id.

The magistrate judge considered this view of time in her analysis.  "Even if Mr. Sully were being paid . . . at the time of the collision, he was 'absent from duty' related to [the hospital]."  (Docket 46 at p. 18).  Whether still on his lunch break or late in returning to work, the going-and-coming rule still applies.  Mr. Sully had not yet arrived back at work at the time of the accident.  "[H]is act of driving to [work] was indistinguishable from that of an ordinary commuter whose employer requires him . . . to have personal transportation to arrive at work." Tammen, 965 N.W.2d at 170.

Again, the factual determination of whether Mr. Sully was on the clock at the time of the collision is a determination the court must make in resolving

7

subject-matter jurisdiction.   Johnson, 534 F.3d at 963-64; Osborn, 918 F.2d at 730.   Mr. Two Eagle's objection is overruled.

        C.      Whether the accident occurred on the Rosebud Hospital grounds

Mr. Two Eagle asserts the magistrate judge erred by finding the accident did not occur on the hospital's property.   (Docket 49 at p. 10).   He contends "[t]he evidence is strong" that Mr. Sully's vehicle "came to rest . . . on the hospital premises."   Id.   If not exactly on the hospital premises, Mr. Two Eagle argues the accident "was within a few feet of the hospital premises."   Id.   Because the hospital complex is isolated from the Rosebud community, he believes the accident location is "commonly deemed/referred to and/or considered part of the hospital complex."   Id.

The magistrate judge found the accident occurred while Mr. Two Eagle "was mowing grass on the Rosebud Water Resources premises."   (Docket 46 at p. 15).   The government asserts this five-acre site was removed from the Rosebud Sioux Tribal lease with the hospital so the Water Resources Office could be constructed on that location.   (Docket 50 at p. 11).   It is in this area where the government argues the accident happened.   Id. (referencing Docket 43-1).

The aerial photo marked by Rosebud Sioux Tribal Police Officer Chad Roe indicates the collision occurred in the grassy area of the Rosebud Water Resources' property.   (Dockets 43 ¶ 8 & 43-1).   He reported "[t]here was a trail of fluids and gasoline from the point of impact along with items of debris from the grassy area to the resting point of the vehicle."   (Docket 32-4 at p. 2).   After the

8

collision with Mr. Two Eagle's lawnmower on the grassy knoll, the car proceeded west, returning to the roadway—its final resting spot.  Id.; see also Dockets 42 ¶ 8 & 43-1.

The magistrate judge found the accident occurred off hospital premises. (Docket 46 at p. 15).  Based on this finding, the magistrate judge concluded that "even if the premises exception were available," that exception "does not take this case out of the going-and-coming rule because the premises exception is inapplicable here."  This finding is supported by the record.  Mr. Two Eagle's objection is overruled.

3.      CONCLUDING DR. SMITH WAS AN INDEPENDENT CONTRACTOR

The magistrate judge reviewed the "distant site credentialing and privileging agreement" between the hospital and Avera eCare, LLC.  (Docket 46 at pp. 24-25).  The agreement specifically acknowledges that Avera eCare was acting as an independent contractor in its relationship with the hospital. Id. at p. 25 (referencing Docket 21-1 ¶ 2).  Dr. Smith is listed as an independent contractor of Moonlighting Solutions, LLC, a medical care provider and contractor with Avera eCare.  Id. (referencing Docket 21-6).

The magistrate judge adopted the testimony of Melody Price-Yonts, the Chief Executive Officer of the Rosebud Hospital.  See Docket 21.  Based on Ms. Price-Yonts' undisputed testimony, the magistrate judge found Dr. Smith "was not subject to any day-to-day control by the [hospital]" and it "did not provide daily supervision" or "control" of the doctor's "right to exercise independent

9

medical judgment."  (Docket 46 at p. 30) (referencing Docket 21 ¶¶ 21-23).  Dr. Smith was not paid by the hospital and it had no authority to fire him.  Id. at p. 31 (referencing Docket 21 ¶¶ 3-5).  The magistrate judge concluded "Dr. Smith was acting as an independent contractor when he treated Mr. Sully . . . . Dr. Smith was not an employee of the United States."  Id. at p. 32.

Mr. Two Eagle objects to this finding.  (Docket 49 at p. 12).  He argues "Article 7: Telemedicine" from the January 2020 bylaws and regulations of the hospital staff supports his position.[2]  Id.  He contends the article "specifically states that the [hospital] oversees the performance of the telemedicine providers and ultimately controls the performance of the providers."  Id.  With this, Mr. Two Eagle submits the hospital "is involved with evaluating the everyday performance of the telemedicine providers."  Id.

Mr. Two Eagle mischaracterizes Article 7.  This provision addresses Avera eCare credentialing and privileges decisions.  See Docket 47-3 ¶ 7.3(e).  The hospital is required to forward to the telemedicine entity information regarding complaints and adverse events which occur as the result of telemedicine services.  With this information Avera eCare can review the credentialing process and hospital privileges granted to its own physicians.  Article 7 does not give the hospital day-to-day supervision authority over Dr. Smith or any other telemedicine medical provider.

---

[2]In support of his objections, Mr. Two Eagle moves to supplement the record.  (Docket 47).  One of the documents is "Article 7: Telemedicine." (Docket 47-3).  The court grants the motion.

The court finds Dr. Smith was an independent contractor and the FTCA does not permit a claim against the United States because of his alleged medical negligence. Mr. Two Eagle's objection is overruled.

4. DETERMINING COUNT III IS NOT RECOGNIZED BY SOUTH DAKOTA LAW

Mr. Two Eagle asserts the magistrate judge "erroneously concluded that the cause of action related to Dr. Smith's conduct is not recognized by South Dakota Courts." (Docket 49 at p. 1). Mr. Two Eagle is referring to footnote three of the R&R which states: "[C]laim III is dubious . . . [as it] essentially asserts a third-party beneficiary claim to a medical negligence claim: it alleges Dr. Smith was negligent in his provision of medical services to Mr. Sully and that Mr. Two Eagle was injured thereby." (Docket 46 at p. 32 n.3). The magistrate judge explained "[i]t does not appear the cause of action alleged in count III is recognized by South Dakota courts." Id.

Mr. Two Eagle acknowledges that "[i]t is true that presently there is not a South Dakota statute addressing third party duty to non-patients nor is there a South Dakota Supreme Court case 'on point' which addresses a doctor's duty to third party non-patients." (Docket 49 at p. 1). He asserts this reality "only means that the South Dakota Supreme Court has not decided the issue yet." Id. Mr. Two Eagle's principle concern with this objection is that the South Dakota Circuit Court, which is tasked with resolving his state case against Dr. Smith and others,[3] "may read this language in footnote #3 . . . even though it may be dicta, and be unfairly influenced by it[.]" Id. at p. 8.

---

[3] See Docket 19-2.

11

The language in footnote #3 is dicta. The magistrate judge already concluded Dr. Smith was an independent contractor, not a federal employee, so that Count III must be dismissed for lack of subject-matter jurisdiction. (Docket 46 at p. 32). The court does not need to resolve the concern raised by the objection. Mr. Two Eagle's objection is overruled.

## ORDER

For the above stated reasons, it is

ORDERED that plaintiff's motion to supplement the record (Docket 47) is granted.

IT IS FURTHER ORDERED that plaintiff's objections (Docket 49) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 46) is adopted.

IT IS FURTHER ORDERED that defendant's motion to dismiss (Docket 17) is granted.

IT IS FURTHER ORDERED the complaint (Docket 1) is dismissed with prejudice.

Dated March 2, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE